## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAYTON SUPERIOR CORPORATION,   )
                            )
          Plaintiff,         )
                            )
v.                            )     Case No. 07-2015-JTM
                            )
NATIONWIDE TRANSPORTATION &   )
LOGISTICS SERVICES, INC.,      )
                            )
          Defendant.      )
                            )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to compel (Doc. 23). For the reasons set forth below, defendant's motion shall be GRANTED IN PART and DENIED IN PART.

### Background

Plaintiff manufactures chemical products and concrete construction forms. Nationwide is a "shipping broker" and coordinates over-land shipping by truck. Highly summarized, plaintiff alleges that it began using defendant to coordinate transportation of its products in 2002 from its Edwardsville, Kansas facility and later for its Des Plaines, Illinois plant. Plaintiff contacted defendant when it needed shipping services and defendant provided a price quote. If acceptable, plaintiff agreed to the quoted terms.

Unknown to plaintiff until recently, defendant routinely altered the price quote after the agreement was struck and submitted invoices with higher amounts for payment.[1] Plaintiff seeks to recover damages for the years 2004 and 2005 under theories of (1) breach of contract, (2) conversion, (3) fraud, and (4) unjust enrichment.   Defendant asserts a counterclaim for unpaid invoices.

## Motion to Compel

Defendant moves to compel plaintiff to properly answer certain interrogatories and production requests.   Plaintiff opposes the motion, arguing that it raised appropriate objections and provided relevant discoverable information.   The specific discovery requests and the parties' arguments are discussed in greater detail below.

## Interrogatories

### 1. Interrogatory No. 2

Interrogatory No. 2 asks plaintiff to "identify all shipments in which Dayton engaged Nationwide to coordinate transportation since January 1, 2002." Plaintiff provided a 44 page schedule for shipments beginning in December 16, 2003 and advised defendant that it was unable to locate any records of shipments coordinated by Nationwide prior to December 16, 2003.  Notwithstanding this response, defendant insists that plaintiff should be required to

---

[1]   Defendant sent the inflated quotes to Traffic Systems, a third party administrator plaintiff hired in 2004 to handle transportation and shipping expenses.

supplement its interrogatory answer to explicitly state that "plaintiff cannot locate any documents or other information identifying shipments through Nationwide between January 1, 2002 through December 15, 2003" so that this information can be presented to the jury in a useable format.

The motion to compel the supplemental answer to Interrogatory No. 2 shall be DENIED.  Plaintiff was asked to identify the shipments coordinated by Nationwide and has provided the information available to it.[2]


## 2. Interrogatory Nos. 9 and 10

Interrogatory No. 9 asks plaintiff to set forth all company policies, directions and instructions to employees regarding:  "obtaining pricing in advance of tender of shipments to carriers or property brokers."  Interrogatory No. 10 is similar and asks plaintiff to set forth all company policies, directions or instructions to employees in the Edwardsville and Des Plaines facilities with regard to reviewing or obtaining invoices from carriers or property brokers after shipments were made.  Plaintiff objected to the interrogatories as "vague" but then sent supplemental interrogatory answers after this motion was filed.  Defendant concedes that supplemental answers have been provided but argues that plaintiff continues to qualify its answers based on the objection of vagueness. Defendant argues that "if Dayton

---

[2]
    Plaintiff advised defendant in an August 4, 2007 letter that it had identified all shipments for which it could locate records.  This motion to compel was filed August 22, 2007.

is withholding information based upon its improper objections, it should be required to provide full answers immediately."

The court rejects plaintiff's objection that the interrogatories are vague. When considered in the context of plaintiff's complaint, the interrogatories are clear and understandable. Accordingly, plaintiff shall supplement its answer without any qualifying objection that the interrogatories are vague.[3]

**3. Interrogatory Nos. 11 and 12**

Interrogatory No. 11 asks plaintiff for "internal procedures and policies for the costing of freight [to plaintiff's customers] for the period between January 1, 2002, and the present." Interrogatory No. 12 asks plaintiff for its procedures for determining the amount which plaintiff charged its customers for freight shipped from the Edwardsville and Des Plaines facilities. Plaintiff objects that both interrogatories seek information that is irrelevant and beyond the scope of permissible discovery. For the reasons set forth below, the motion to compel Interrogatories Nos. 11 and 12 shall be DENIED.

The relevance of the requested information is not apparent; therefore, defendant carries the burden of showing the relevance of the requested information. Defendant argues that the information is relevant for purposes of determining plaintiff's damages.

---

[3] Neither party provided the court with a copy of the supplemental interrogatory answers. It is unclear whether the court's ruling materially changes plaintiff's supplemental answers to Interrogatory Nos. 9 and 10.

Specifically, defendant contends that plaintiff suffered no damages if plaintiff passed defendant's higher invoice prices on to plaintiff's costumers.  However, defendant cites no authority for its novel argument that a service provider can fraudulently submit higher invoices to a manufacturer and, after discovery, retain the wrongfully appropriated funds if the customer paid plaintiff for the higher costs.  Absent some persuasive legal authority, the court declines to order plaintiff to gather and provide such information on the basis of "damages."[4]

Defendant argues in its reply brief that the information is also relevant to the "usual course of business."  This argument fails for two reasons.  First, the "usual course of business" argument was raised for the first time in defendant's reply brief; therefore, the argument is not properly before the court.  See, e.g., Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1277-78 (10th Cir. 1994)(courts will not entertain an issue raised for the first time in a reply brief).  More importantly, while the "usual course of business" *between plaintiff and defendant* may be a proper subject for discovery concerning the claims in this case, the court is not persuaded that the "usual course of business" *between plaintiff and its customers* is a relevant topic for discovery.  Defendant is a "shipping broker" who acted as an intermediary to coordinate shipping for a manufacturer.  There is no evidence that plaintiff's

---

[4]
        Plaintiff also argues that defendant's theory is factually incorrect because plaintiff did not "pass on" the inflated invoices to its customers.  Plaintiff used defendant's original quote when invoicing customers.  Moreover, some customers were not even charged for freight.  This alternative argument also negates defendant's assertion that the requested information is relevant to damages.

customers have a relationship with plaintiff that is similar to the role performed by a "shipping broker." Accordingly, the motion to compel Interrogatory Nos. 11 and 12 are DENIED.

## Production Requests

### 1. Attorney-Client Privilege

Plaintiff asserted the attorney-client privilege when responding to a number of defendant's requests for production and defendant countered by requesting a privilege log. Plaintiff clarifies this objection and explains that the only documents withheld are notes and communications between plaintiff and its counsel. Defendant agrees that a privilege log is unnecessary if the documents are notes and communications between plaintiff and its counsel. With clarification, the parties' dispute concerning plaintiff's assertion of the attorney-client privilege is MOOT.

### 2. Production Request No. 14

Production Request No. 14 seeks any "policies and procedures concerning billing submitted to you or your agents in effect from January 1, 2002 to the present." Plaintiff argues in its response brief that the phrase "concerning billing" is overly broad and seeks irrelevant information because it would include matters such as the sale of goods under government contract. However, plaintiff agrees that policies related to the handling of "billing" submitted by transportation brokers is relevant but that no such document exists;

therefore, none was produced.  Defendant counters that if no document exists, plaintiff should state so in its discovery response.

Plaintiff's original response to Production Request No. 14 was "[s]ubject to, and without waiving this objection [relevance], to the extent that Dayton Superior has responsive documents in its possession, they will be produced."  The court agrees that plaintiff's original response to Production Request No. 14 differs materially from plaintiff's current explanation.  Plaintiff shall provide a revised response stating it has no documents responsive to the production request.  The motion to compel is otherwise MOOT.

### 3. Production Request No. 16

Production Request No. 16 seeks "any and all documents showing shipments in which Dayton alleges that Nationwide altered the price quoted to Dayton Superior after Dayton Superior approved the quote, but before Nationwide forwarded the approval to Traffic Systems."  Plaintiff objected that the request was vague and overly broad but provided (1) bills of lading and invoices, and (2) quotes and emails pertaining to Dayton's shipments through Nationwide.

In support of its motion to compel, plaintiff argues "the same analysis set forth in regard to Interrogatory No. 2 applies here."  Doc. 23, p. 7.  However, it is not clear how plaintiff's arguments concerning Interrogatory No. 2 apply to Production Request No. 16.  Moreover, the court agrees that plaintiff's request for "any and all documents showing shipments" is overly broad because it includes documents having no apparent relevance to

the claims and counterclaims in this case.[5]  Accordingly, the motion to compel Production

Request No. 16 shall be DENIED.

## 4. Production Request Nos. 23 and 24

Production Request Nos. 23 and 24 seek documents concerning policies, directions,

or instructions to plaintiff's employees concerning (1) shipping freight and (2) paying and

processing freight shipments.  Plaintiff initially objected to the production requests as vague

but stated that it would produce any responsive documents it possesses.  Now, in response

to the motion to compel, plaintiff states that it has no written policies to produce.  Doc. 27,

p. 8.

Plaintiff's original responses to Production Request Nos. 23 and 24 differ materially

from plaintiff's current explanation.  Plaintiff shall provide a revised response stating it has

no documents responsive to the production requests.  The motion to compel is otherwise

MOOT.

## 5. Production Request No. 25

Production Request No. 25 seeks documents describing plaintiff's procedures for

obtaining "motor carrier transportation for freight shipments."  Plaintiff opposes the motion,

---

[5]

Plaintiff argues that it has produced a large volume of documents concerning the
shipments in controversy and that defendant should be more specific concerning the
nature of any additional documents requested.  The court agrees.

arguing that the requested information seeks irrelevant information.  More importantly, plaintiff argues there are no written documents responsive to the request.

The court is satisfied that the production request seeks relevant information.  However, because plaintiff now represents that there are no such documents, there is nothing to order produced.  Plaintiff shall serve defendant with a revised response to the production request stating that it has no documents responsive to the request.  The motion to compel Production Request No. 25 is otherwise MOOT.

**6. Production Request Nos. 30, 32, and 33**

Production Request Nos. 30, 32, and 33 seek documents "pertaining to Dayton's passage of freight costs onto its customers."  Plaintiff opposes the motion to compel, arguing that the requested information is irrelevant to the claims in this case.  Both parties rely on their earlier arguments concerning Interrogatory Nos. 11 and 12.

The court denied defendant's motion to compel Interrogatory Nos. 11 and 12 because defendant failed to persuade the court that the requested information is relevant to the claims in this case.  For the same reasons, defendant's request to compel Production Request Nos. 30, 32, and 33 shall be DENIED.

**7. Production Request No. 31**

Production Request No. 31 seeks to compel all contracts between plaintiff and any carriers or brokers.  Plaintiff opposes the motion, arguing that the requested information is

irrelevant and beyond the scope of discovery.  Defendant counters that the information is relevant to its quantum meruit/unjust enrichment counterclaim.  Specifically, defendant contends that it must establish that the prices charged for the services rendered to plaintiff were reasonable and the price charged by other brokers and carriers is relevant for determining that issue.[6]

Plaintiff disputes that the "reasonable" price is relevant because there was an <u>express contract</u> between plaintiff and defendant for each freight shipment.  Notwithstanding the issue of relevance, plaintiff argues that it has already produced pricing information to defendant in a spreadsheet that documents the cost of every shipment from September 10, 2004 through December 31, 2005.  Additionally, plaintiff offers to produce the only written contract it has with another broker.

Because defendant's only theory of relevance is "reasonable" pricing and materials revealing that information have been provided, the motion to compel Production Request No. 31 shall be DENIED.[7]

_____

[6]

Defendant's reply brief raises completely new issues concerning an expert report recently produced by plaintiff.  Again, this argument is not properly before the court.  The issue of whether the expert report is proper and whether plaintiff has produced the materials the expert reviewed in preparing the report are subjects on which the parties must confer.  Defendant is granted leave to file any motion concerning the expert report it deems appropriate.

[7]

Consistent with its offer, plaintiff shall provide defendant with a copy of the written contract with the other shipping broker.

**IT IS THEREFORE ORDERED** that defendant's motion to compel (**Doc. 23**) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings expressed herein.  Plaintiff shall provide its supplemental response to defendant by **October 12, 2007.**

Based on the status of discovery, the court further ORDERS that the scheduling order (Doc. 11) is hereby vacated pending further order after consultation with counsel.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.   Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th  day of October 2007.


                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge